IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| DONNA JUNE ENRIGHT,<br><br>    Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, Warden,<br>Montana State Prison,<br><br>    Respondent. | Cause No. CV 13-18-GF-DWM-RKS<br><br><br><br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

_____

On February 25, 2013, Petitioner Donna June Enright moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Ms. Enright is a state prisoner proceeding pro se.

Ms. Enright's prison trust account statement shows that she has a balance of $307.08. She could afford to pay the $5.00 filing fee. The motion to proceed in forma pauperis should be denied.

In addition, the Court lacks jurisdiction to entertain this action. The petition is the second one predicated on the criminal judgment entered against Ms. Enright in Judith Basin County in May 1999 for homicide and arson. *See* Pet. for Removal of

Excessive Restitution and the Dangerous Offender Imposed at Sentencing (doc. 1) at 1 (referring to judgment entered in 1999); *see also* Pet. (doc. 1) at 1 ¶¶ 1-4, *Enright v. Acton*, No. CV 07-35-GF-SEH-RKS (D. Mont. July 28, 2006). Ms. Enright's first petition was dismissed on July 30, 1997. The Court of Appeals affirmed its dismissal on November 5, 2008. Mem. at 2, *Enright v. Acton*, No. 07-35767 (9th Cir. Nov. 5, 2008) (unpublished mem. disp.) (*Enright*, No. CV 07-35-GF doc. 19).

District courts lack jurisdiction even to consider a second or successive habeas petition. 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Ms. Enright's second petition must be dismissed. Because jurisdiction is plainly lacking, a certificate of appealability is not warranted. *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Although this Court's lack of jurisdiction under § 2244(b)(3)(A) could be cured by transferring the petition to the Court of Appeals, transfer is not in the interests of justice. 28 U.S.C. §§ 1631, 2244(b). First, the instant petition is even more untimely than Ms. Enright's first petition. Second, even assuming Ms. Enright's restitution claims would not be time-barred, 28 U.S.C. § 2254(a) "does not confer jurisdiction over a challenge to a restitution order." *Bailey v. Hill*, 599 F.3d 976, 983 (9th Cir. 2010).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The motion to proceed in forma pauperis (doc. 2) should be DENIED.

2. The Petition (doc. 1) should be DISMISSED.

3. A certificate of appealability should be DENIED.

4. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Ms. Enright may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Ms. Enright files objections, she must itemize each factual finding to which objection is made and must identify the evidence in the record she relies on to contradict that finding; and she must itemize each recommendation to which objection is made and must set forth the authority she relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Ms. Enright from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and

Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Ms. Enright is cautioned that she must immediately inform the Court of any change in her mailing address</u>. Failure to do so may result in dismissal of this case without notice to her.

DATED this 1st day of March, 2013.

/s/ Keith Strong  
Keith Strong  
United States Magistrate Judge
